■ In the Matter of NYAT OPERATING CORP., Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [775 NYS2d 285]—

Order, Supreme Court, New York County (James A. Yates, J.), entered November 21, 2002, which denied the petition, brought pursuant to CPLR article 78, challenging a two-year suspension of motor vehicle registrations and a $1,037,500 penalty imposed by respondent, unanimously affirmed, without costs.

Petitioner was formed in 1991 to operate sightseeing tour buses in New York City. In a prior CPLR article 78 proceeding to annul orders issued by both the Department of Consumer Affairs and respondent, temporarily suspending petitioner's license, this Court reversed the grant of preliminary injunctive relief and ruled in favor of the agencies (*see Matter of New York Apple Tours v Hoffman*, 278 AD2d 70 [2000]). Following that order, respondent conducted a hearing that uncovered 624 violations of article 19-A of the Vehicle and Traffic Law, which establishes standards for bus drivers and notification requirements for carriers. Approximately 367 of those charges were sustained by the Administrative Law Judge, who suspended petitioner's motor vehicle registrations and imposed a penalty of $1,424,500. The penalty was subsequently modified on administrative appeal to the amount challenged herein.

Substantial evidence supports respondent's findings that petitioner is a persistent offender, whose misconduct repeatedly imperiled public safety, having committed hundreds of violations, and having pleaded guilty to federal charges of engaging in a fraudulent scheme to illegally import double-decker buses. Moreover, while these proceedings were pending, petitioner has had one improperly licensed driver involved in a fatal accident, and another driver ticketed for operating a bus with a suspended license.

Respondent's determination was neither irrational nor arbitrary and capricious, and should not be disturbed (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 231 [1974]). Furthermore, in light of petitioner's proven misconduct, the penalty imposed is not shocking to our sense of fairness (*see Matter of Ansbro v McGuire*, 49 NY2d 872 [1980]). Concur— Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.